**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiffs JAMES JENKINS JR. and JAMES JENKINS III

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT

| | |
|---|---|
| JAMES JENKINS, JR., an individual and son; JAMES JENKINS III, an individual and father;<br><br>Plaintiffs,<br><br>v.<br><br>SHARON JIMENEZ, an individual; COLDWELL BANKER CORPORATION D/B/A COLDWELL BANKER PLATINUM PROPERTIES, a corporation and business; ORANGE COUNTY SHERIFF'S DEPARTMENT LAGUNA NIGUEL; and, DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No.: 8:23-cv-1317<br><br>**VERIFIED COMPLAINT FOR:**<br>1. **EQUAL PROTECTION VIOLATION (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983)**<br>2. **DUE PROCESS VIOLATION (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983);**<br>3. **NEGLIGENCE;**<br>4. **NEGLIGENT MISREPRESENTATION;**<br>5. **PROMISSORY ESTOPPEL;**<br>6. **BREACH OF FIDUCIARY DUTY;**<br>7. **BREACH OF CONTRACT;**<br>8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>9. **42 U.S.C. SECTION 1983 DEPRIVATION OF CIVIL RIGHTS;**<br>10. **FINANCIAL ELDER ABUSE; AND;**<br>11. **ELDER ABUSE.**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

1. Plaintiffs JAMES JENKINS, JR., an individual and son; as well as JAMES JENKINS III, an individual and father; individually, jointly, and collectively, complain and allege against Defendants as follows:

## PARTIES

2. Plaintiff JAMES JENKINS JR., ("JENKINS JR." or "Plaintiff"), is an individual and was at all times relevant hereto a resident of Laguna Nigel, California.

3. Plaintiff JAMES JENKINS III, ("JENKINS III" or "Plaintiff"), is an individual and was at all times relevant hereto a resident of Laguna Nigel, California.

4. Defendant SHARON JIMENEZ ("JIMENEZ" or "Defendant") is an individual and was at all times hereto a resident of the County of Orange.

5. Defendant COLDWELL BANKER CORPORATION D/B/A COLDWELL BANKER PLATINUM PROPERTIES is a California corporation, and at all times relevant hereto did business in the County of Orange.

6. Defendant ORANGE COUNTY SHERIFF'S DEPARTMENT LAGUNA NIGUEL is the local sheriff's department where the Plaintiffs reside.

7. Plaintiffs do not currently know the names of DOES 1-10, inclusive, and, therefore, sue stated defendants by such fictitious names. Plaintiffs allege that each DOE defendant is in some way liable and at fault for the occurrences alleged herein, and each DOE defendant is responsible for the damages incurred by Plaintiffs. Plaintiffs will amend this Complaint to allege the DOE defendants' true names and capacities when ascertained.

8. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned in this Complaint, Defendants and each of the DOE defendants were the agents, servants, partners, affiliates, employees, and/or joint-ventures of their co-defendants and in doing the things alleged in this Complaint, were acting in concert with each other.

## JURISDICTION AND VENUE

9. Defendants are all residents of California. As such, the Court in which the instant action is filed is the proper Court and venue for the instant action under the provisions of California Code of Civil Procedure ("CCP") Section 395.

10. As a direct and proximate result of the unlawful acts of Defendants, Plaintiffs have suffered and continue to suffer damages in amounts to be proved at trial.

## FACTUAL ALLEGATIONS

11. Plaintiff JAMES JENKINS JR. ("JENKINS JR.") is the father of Plaintiff JAMES JENKINS III, and the owner of the home at 29152 Bobolink Dr, Laguna Niguel, CA 92677 (the "Property").

12. JENKINS JR. is a senior citizen, an Army veteran, and a retired sheriff. Plaintiff suffered a gunshot to the head while a sheriff and, as a result, suffers from severe disabilities including having only 17% of his vision as well as cognitive and speech difficulties. Unfortunately, Plaintiff's wife on Memorial Day, 2021, Ms. Jenkins passed away from complications with Covid-19 and her pre-existing conditions.

13. Plaintiffs retained Defendant COLDWELL BANKER PLATINUM PROPERTIES ("COLDWELL BANKER") for the purpose of selling the Property.

14. COLDWELL BANKER assigned Defendant SHARON JIMENEZ ("JIMENEZ") as the listing agent on the Property.

15. However, JIMENEZ repeatedly disregarded the wishes and overall direction of Plaintiffs, while acting as the seller's agent on the Property.

16. For example, JIMENEZ utilized prohibited funds in the amount of $5,000 to leverage a position to in an attempt to force the sale of the Property without lawful disclosure under the Uniform Commercial Code.

17. Further, when Plaintiffs requested that the listing be placed on hold and JIMENEZ cease all efforts in attempting to sale the Property, JIMENEZ texted Plaintiffs: "It's sold"—in spite of the fact that the elderly and frail JENKINS JR. occupied the home and would be forced to vacate in the event of an improvident sale.

18. JIMENEZ visited the Property, using keys provided by COLDWELL BANKER, to insist on the $5000. However, upon confronting Plaintiffs, JIMENEZ soon confessed that the Property was not, in fact, in escrow.

19. Based on these and other events, Plaintiffs terminated their contract with COLDWELL BANKER and JIMENEZ, on or about September 29, 2022.

20. Plaintiffs provided further explanation to COLDWELL BANKER regarding the grounds for terminating their agreement with COLDWELL BANKER on or about October 6, 2022.

21. COLDWELL BANKER responded with an attempt to replace JIMENEZ with another agent.

22. However, Plaintiffs rejected COLDWELL BANKER's offer and clarified that they no longer wished to sell the Property and did not accept any assignment of any agent at COLDWELL BANKER for the sale.

23. Thereafter, JIMENEZ demanded that Plaintiffs transfer a storage contract with U-haul Storage Company into their name, or that she would be returning their furniture to the Property.

24. JIMENEZ left Plaintiffs' furniture, bare and exposed, in the driveway of the Property.

25. JIMENEZ then retaliated against Plaintiffs by, among other things, threatening JENKINS III that he would be "picked up" by police if he did not cooperate in the sale of the Property and that he would "have 60 days in lock up."
26. Ultimately, JIMENEZ followed through on her threats, calling the police against JENKINS III and causing them to take JENKINS III to jail under false pretenses.
27. JENKINS III was taken into custody by the Orange County Sheriff's Department ("OCSD") based on false testimony by JIMENEZ.
28. While JENKINS III was in custody, JIMENEZ filed an action in Small Claims Court seeking $5,212.30 in damages for purported costs expended by JIMENEZ in connection with the failed sale of the Property.
29. On or about March 13, 2023, JIMENEZ obtained a judgment in the amount of $5212.30 in damages and $135.00 in costs, due to the non-appearance by JENKINS III and JENKINS JR. (the "Small Claims Judgment").
30. Because of DEFENDANT JIMENEZ's negligent and reckless conduct, and lack thereof, PLAINTIFFS lost their pet dog named CODY BEAR. The pet was kidnapped because of DEFENDANT JIMENEZ to this date unable to be found and located. The pictures are incorporated via reference herein.

 

31. Plaintiffs have suffered serious economic and emotional distress damages associated with Defendants' conduct in connection with the attempted sale of the Property, including JIMENEZ's threats and improper conduct designed to

force Plaintiffs to agree to the sale of the Property so that JIMENEZ could reap a financial windfall.

32. As a direct and proximate result of the actions and omissions of Defendants, Plaintiffs have suffered damages in an amount to be proven at trial.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### EQUAL PROTECTION VIOLATION
### (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983)

33. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

34. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

35. Plaintiffs are African-American male natural persons.

36. This 1983 action stems from the county deputy sheriff's participation in private parties' wrongful deprivation of Plaintiffs' property.

37. Defendants did not provide equal protection of the laws treating Plaintiffs differently than other similarly-situated individuals.

38. Defendants have violated the First, Fourth, and Fourteenth Amendments of the United States Constitution of America.

39. Plaintiffs seek damages in the prayer for relief; and, pursuant to Code.

### SECOND CAUSE OF ACTION
### DUE PROCESS VIOLATION
### (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983)

40. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

41. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.
42. Plaintiffs are African-American male natural persons.
43. This 1983 action stems from the county deputy sheriff's participation in private parties' wrongful deprivation of Plaintiffs' property.
44. Defendants did not provide notice and opportunity to be heard treating Plaintiffs differently than other similarly-situated individuals.
45. Defendants have violated the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution of America.
46. Plaintiffs seek damages in the prayer for relief; and, pursuant to Code.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

47. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.
48. Defendants had a duty, both contractual and statutory, toward Plaintiffs.
49. Defendants violated mortgage and banking laws, designed to protect consumers such as Plaintiff. Defendants thus engaged in negligence *per se.*
50. *But for* the defendants' breach of duty, Plaintiff would not have incurred actual and proximate damages.
51. As a result of defendants' breach of duty, *res ipsa loquitor*, defendants' conduct, individually, jointly, and collectively, caused actual and proximate damages to plaintiff.
52. The damages were monetary and non-monetary.
53. In 2022, because of Defendants' breach of duty, Plaintiffs were deprived of the quiet use and enjoyment of their residential property.
54. Because of Defendants' negligence, Plaintiffs were to lose their residential property.

55. Plaintiffs seek damages in the prayer for relief; and, pursuant to Code.

**FOURTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

56. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

57. Plaintiff was harmed because the defendants negligently misrepresented a fact.

58. Defendants negligently misrepresented the facts about the property ownership to the sheriff and related hospital individuals while plaintiff-son was falsely incarcerated;

59. That Defendants represented to plaintiff that a fact was true;

60. Defendants' representation were not true.

61. That Defendants may have honestly believed that the representation was true Defendants had no reasonable grounds for believing the representation was true when Defendants made it; That Defendants intended that the plaintiffs and others to detrimentally rely on this representation; Plaintiffs and others detrimentally relief on the negligent misrepresentation, and Defendants.

62. That plaintiff reasonably relied on Defendants' negligent representation.

63. That plaintiff was harmed based on Defendant Jimenez falsely residing at the property while plaintiff-father who is disabled, blind, and physically partially paralyzed, and,

64. Defendants negligently misrepresented that Defendants were owners of the property while this was not true;

65. That Defendants misrepresented to Plaintiffs, knowing that the fact was not true.

66. That Defendants' negligent representation was not true; and, made the representation recklessly and without regard for its truth.

67. That Defendants intended that the plaintiff to detrimentally and reasonably rely on this misrepresentation; Plaintiff detrimentally and reasonably relied on the negligent misrepresentation, and called Defendants repeatedly.
68. That plaintiff reasonably relied on Defendants' negligent representation.
69. That plaintiff was harmed Defendants' misrepresentation; and,
70. That plaintiff's reliance on defendants' representation was a substantial factor in causing plaintiff's harm.
71. Plaintiffs seek damages in the prayer for relief.

## FIFTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL

72. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.
73. Plaintiffs claim they were harmed because Defendants made a false promise about the residential real property ownership.
74. To establish this claim, Plaintiffs state:
    1. That Defendants made a promise to Plaintiffs about the residential real property ownership specifically Jimenez as a broker who sold it to Plaintiffs;
    2. That Defendants did not intend to perform this promise of transferring Plaintiffs' residential real property ownership to plaintiffs when they made it;
    3. That Defendants intended that Plaintiffs rely on this [false] promise; 4. That Plaintiffs reasonably relied on Defendants' [false] promise; 5. That Defendants did not perform the promised act of transferring Plaintiffs' residential real property ownership to plaintiffs when they made it; 6. That Plaintiffs were harmed; and, 7. That Plaintiffs' reliance on Defendants' promise of transferring Plaintiffs' residential real property ownership to plaintiffs when they made it was a substantial factor in causing their harm.
75. Plaintiffs seek damages in the prayer for relief.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

76. Plaintiffs refer to, re-allege and incorporate by reference each of the paragraphs above as if set forth fully herein.

77. Defendants had a fiduciary duty to Plaintiffs in their capacities as the seller's agent.

78. JIMENEZ breached her duty by failing to look after Plaintiffs' best interests in connection with the sale of the Property. In fact, JIMENEZ looked after her own interests and engaged in fraudulent behavior designed to pressure Plaintiffs into agreeing to sell the Property on less than favorable terms. For example, JIMENEZ threatened and then followed through on her threat to report JENKINS III to the police on a false basis. Similarly, JIMENEZ lied to Plaintiffs about whether the Property was truly in escrow.

79. Defendant COLDWELL BANKER failed to adequately monitor the activities of JIMENEZ in connection with the sale.

80. As a proximate result of Defendants' aforementioned acts and omissions, Plaintiffs have been damaged in amounts to be determined at trial.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT

81. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

82. Plaintiffs and Defendants entered into an agreement whereby Defendants agreed to represent Plaintiffs in connection with the sale of the Property.

83. Plaintiffs performed under the agreement.

84. However, Defendants failed to perform by, among other things, failing to adhere to Plaintiffs' wishes in representing them in the sale of the Property.

85. Defendants breached the agreement by, among other things, engaging in conduct of which they failed to inform Plaintiffs, including as relates to the

prohibited $5000 payment, and by lying to Plaintiffs about whether the Property was in escrow.

86. As a proximate result of Defendants' aforementioned acts and omissions, Plaintiffs have been damaged in amounts to be determined at trial.

### EIGHTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (IIED)

87. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

88. JIMENEZ engaged in extreme and outrageous conduct with the intention of causing emotional distress to Plaintiffs, for the purpose of misleading them and pressuring them to agree to the sale of the Property.

89. For example, JIMENEZ mislead Plaintiffs that the Property was in escrow and told them "it's sold."

90. JIMENEZ threatened and then ultimately followed through on her threat to report JENKINS III to police, again in an attempt to pressure him into agreeing to the sale of the Property.

91. Plaintiffs did suffer severe and extreme emotional distress actually and proximately caused by JIMENEZ's conduct.

92. As a proximate result of Defendants' aforementioned acts and omissions, Plaintiffs have been damaged in amounts to be determined at trial.

### NINTH CAUSE OF ACTION
### 42 U.S.C. SECTION 1983 DEPRIVATION OF CIVIL RIGHTS

93. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

94. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

95. Plaintiffs are African-American male natural persons.

96. This 1983 action stems from the county deputy sheriff's participation in private parties' wrongful deprivation of Plaintiffs' property; and civil rights.

97. Defendants deprived Plaintiffs of each of their civil rights treating Plaintiffs differently than other similarly-situated individuals.

98. Defendants have violated the First, Fourth, and Fourteenth Amendments of the United States Constitution of America.

99. Plaintiffs seek damages in the prayer for relief; and, pursuant to Code.

**TENTH CAUSE OF ACTION**
**FINANCIAL ELDER ABUSE**
**WELFARE AND INSTITUTIONS CODE**
**Division 9. Public Social Services**
**Part 3. Aid and Medical Assistance**
**Chapter 11. Elder Abuse and Dependent Adult Civil Protection Act**
**Article 2. Definitions**
**§ 15610.30. Financial abuse**

100. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

101. Plaintiff-father is an elder or dependent adult occurs. Defendants have

(1) Taken, secreted, appropriated, obtained, and/or retained real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assisted in taking, secreting, appropriating, obtaining, or retaining real and/or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(3) Taken, secreted, appropriated, obtained, or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult, i.e., Plaintiff-father by undue influence, as defined in Section 15610.70.

(b) Defendants should be deemed to have taken, secreted, appropriated,

obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult.

(c) For purposes of this section, Defendants have taken, secreted, appropriated, obtained, or retained real or personal property when an elder or dependent adult, i.e., Plaintiff-father is deprived of any property right, including by means of an agreement, donative transfer, or testamentary bequest, regardless of whether the property is held directly or by a representative of an elder or dependent adult. Plaintiff-father seeks relief as in the Code, and prayer for relief.

## ELEVENTH CAUSE OF ACTION
### ELDER ABUSE
### Title 34. Welfare.
### Chapter 15. The Elder and Dependent Adult Abuse Prevention Act

102. Plaintiffs incorporate by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

103. Plaintiff-father is an elder occurs.

104. Pursuant to § 452, Defendants engaged in the 'Abuse of an elder based on:

(1) Physical, emotional or financial abuse, neglect, abandonment, isolation, abduction, or other treatment resulting in physical or emotional injury, maltreatment, sexual conduct of Plaintiff-father, and/ or exploitation of Plaintiff-father by Defendants;

(2) The deprivation by Defendant Jimenez of goods or services that are necessary to avoid physical or emotional injury; or

(3) Use of physical or chemical restraint or psychotropic medication by

Defendants under any of the following conditions: for punishment; and/or for any purpose not authorized by a physician or surgeon, such as duress and fraud.

103. Plaintiff-father seeks relief as in the Code, and prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully seek judgment against all Defendants as follows:

1. That Plaintiffs be awarded $100.50 million.
2. That Plaintiffs be awarded general, special, and actual damages according to proof at the time of trial.
3. That Plaintiffs be awarded expectancy and consequential damages according to proof at the time of trial.
4. That Plaintiffs be awarded punitive damages according to proof at the time of trial.
5. That Plaintiffs be awarded interest accrued to date.
6. That Plaintiffs be awarded costs of suit incurred herein.
7. That Plaintiffs be awarded their reasonable attorneys' fees incurred in this action.
8. That Plaintiffs be awarded restitution and disgorgement of all Defendants' ill-gotten gains.
9. That Plaintiffs be awarded such other and further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial for all issues so triable that are raised herein or that hereinafter may be raised in this action.

///
///
///
///

|   |   |
|---|---|
| DATED:  July 20, 2023 | *Respectfully submitted,*<br><br>/S/ Reshma Kamath<br><br>_____<br>**LAW OFFICE OF RESHMA KAMATH**<br>Reshma Kamath<br>Counsel for Plaintiff<br>JAMES JENKINS JR. and JAMES JENKINS III |

## VERIFICATION

I am **JAMES JENKINS III, PLAINTIFF** in the above-stated matter. I have read the VERIFIED COMPLAINT FOR:

1. EQUAL PROTECTION VIOLATION (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983)
2. DUE PROCESS VIOLATION (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983);
3. NEGLIGENCE;
4. NEGLIGENT MISREPRESENTATION;
5. PROMISSORY ESTOPPEL;
6. BREACH OF FIDUCIARY DUTY;
7. BREACH OF CONTRACT;
8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
9. 42 U.S.C. SECTION 1983 DEPRIVATION OF CIVIL RIGHTS;
10. FINANCIAL ELDER ABUSE; AND;
11. ELDER ABUSE.

and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in County of Los Angeles, California.

///

**DATED: July 18, 2023**            /S/ _____

                                    **JAMES JENKINS III**

## VERIFICATION

I am **JAMES JENKINS JR., PLAINTIFF** in the above-stated matter. I have read the VERIFIED COMPLAINT FOR:

1. EQUAL PROTECTION VIOLATION (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983)
2. DUE PROCESS VIOLATION (CALIFORNIA CONSTITUTION; 42 U.S.C. § 1983);
3. NEGLIGENCE;
4. NEGLIGENT MISREPRESENTATION;
5. PROMISSORY ESTOPPEL;
6. BREACH OF FIDUCIARY DUTY;
7. BREACH OF CONTRACT;
8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
9. 42 U.S.C. SECTION 1983 DEPRIVATION OF CIVIL RIGHTS;
10. FINANCIAL ELDER ABUSE; AND;
11. ELDER ABUSE.

and know the contents thereof. The matters stated therein are true of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in County of Los Angeles, California.

///

DATED: July 18, 2023 /S/ _____

**JAMES JENKINS JR.**