# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JENKINS, JR., and JAMES JENKINS, III,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SHARON JIMENEZ, COLDWELL BANKER CORPORATION, doing business as Coldwell Banker Platinum Properties, ORANGE COUNTY SHERIFF'S DEPARTMENT LAGUNA NIGUEL, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 8:23-cv-01317-JWH-DFM<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT HOLD ATTORNEY RESHMA KAMATH IN CONTEMPT** |

Plaintiffs James Jenkins, Jr. and James Jenkins, III filed the instant case in July 2023.[1] They assert various constitutional and state law claims against Defendants Coldwell Banker Corporation, Sharon Jimenez (the alleged real estate agent), and the Orange County Sheriff's Department Laguna Niguel ("OCSD") in relation to an alleged terminated sale of James Jenkins, Jr.'s home.[2] Attorney Reshma Kamath is Plaintiffs' counsel of record.[3]

Plaintiffs twice moved for default judgment against OCSD.[4] The Clerk issued a Notice of Deficiencies with respect to each motion.[5] After examining the proof-of-service documents that Plaintiffs filed with respect to OCSD,[6] the Court was unconvinced that Plaintiffs had accomplished service of process upon OCSD. Accordingly, the Court issued an Order for Supplemental Briefing, through which it instructed Plaintiffs to explain why service was properly accomplished upon OCSD.[7] Specifically, the Court laid out its understanding of the rules for service of process upon a municipal government entity and noted:

> Here, Plaintiffs appear to have attempted service of process in person, "by serving to and leaving with Madison Simmons—Crime Prevention Specialist" and by U.S. Mail. Mail service upon a

---

[1] *See generally* Compl. [ECF No. 1].

[2] *Id.*

[3] *Id.*

[4] Pls.' First Mot. for Default J. Against Def. OCSD (the "First Motion") [ECF No. 32]; Pls.' First Mot. for Default J. Against Def. OCSD (the "Second Motion") [ECF No. 34].

[5] Notice to Filer of Deficiencies re: First Motion [ECF No. 33]; Notice to Filer of Deficiencies re: Second Motion [ECF No. 37].

[6] Proof of Service under FRCP 5(b)(2)(D) [ECF No. 20]; Proof of Service under FRCP 5(b)(2)(D) [ECF No. 24].

[7] Order for Suppl. Briefing [ECF No. 39].

  municipality is not allowed under either the Federal or State rules, and it is not apparent to the Court that Madison Simmons, Crime Prevention Specialist, is a "head of [OCSD's] governing body," as required for service of process.[8]

The Court instructed Plaintiffs to file a responsive brief "explaining why service has been properly accomplished on OCSD" no later than April 19, 2024.[9] In her Response, Ms. Kamath, lead counsel for Plaintiffs, asserted two points that the Court regards as contemptuous:

- Ms. Kamath argued that "the court/clerk, each has made grave mistakes in this case" by issuing certain Notices of Deficiency with respect to Plaintiffs' motions for default; she stated: "Whether this is the court's mismanagement, court's inadvertence, or blind belief in the clerk's statements, it is the court's error and only a good court/judge will admit that"; and

- Ms. Kamath asserted that Plaintiffs had indeed properly served OCSD because she "knows how to draft, prepare and win" a motion for default judgment; she alleged that the clerk "put falsified statements on the docket"; and she accused the Court of racism, stating: "Counsel does not want to demonstrate that in this case the judges/staff are biased as most courtrooms in California are. Counsel prefers to litigate on the merits. White people and people from other ethnicities/cultures within the courtrooms should not just assume things about litigants/counsel from other cultures/ethnicities when they're (former) the ones making mistakes." She asserted that the proof of service that the Court already

---

[8]  *Id.* at 2 (footnotes omitted).

[9]  *Id.* at 2-3.

examined and found to be insufficient "should be sufficient proof" that OCSD was properly served.[10]

Ms. Kamath failed to appear at the June 21, 2024, Scheduling Conference during which the Court discussed her Response; rather, she had another attorney "specially appear" on her, and her clients', behalf.[11]  While attorneys may "specially appear" on behalf of others in California state courts, *see, e.g.*, *Streit*, 82 Cal. App. 4th at 444 n.2 (2000) (explaining the practice), no such practice is authorized in this Court.  *Cf.* L.R. 83-2.3 (Withdrawal and Substitution of Attorneys).

The Court "ha[s] power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; . . . [or d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401.  When counsel makes a "vicious personal attack" on a judge, for example, counsel is in contempt.  *See, e.g.*, *In re Dellinger*, 502 F.2d 813, 815 (7th Cir. 1974), *cert. denied* 420 U.S. 990 (1975).  Counsel "never has the right to let [her] temper, [her] zeal, or [her] intention lead [her] into disrespectful, accusative language to the court."  *MacInnis v. United States*, 191 F.2d 157, 159 (9th Cir. 1951).

In *MacInnis*, the Ninth Circuit held that "[t]he act of addressing the court . . . with the statements 'You should cite yourself for misconduct' and 'You ought to be ashamed of yourself', unmodified, are, per se, contemptuous."  *Id.* at 160.  Here, Ms. Kamath's accusations go beyond the "per se contemptuous"

---

[10]   *See generally* Notice Filed by Pls. (the "<u>Response</u>") [ECF No. 40].

[11]   A "special appearance" "denote[s] an appearance at a hearing by one attorney at the request and in the place of the attorney of record, whether with or without compensation."  *Streit v. Covington & Crowe*, 82 Cal. App. 4th 441, 444 n.2 (2000).

conduct at issue in *MacInnis*. Ms. Kamath has accused the Court and Court staff of impropriety, including racism, without any basis. Additionally, she continues to insist that service was properly effectuated upon OCSD—despite the Court's clear instruction of her errors and how she might alleviate them to effectuate service properly.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Attorney Reshma Kamath is **ORDERED** to **SHOW CAUSE** why the Court should not hold her in contempt—including but not limited to monetary fines and a term of imprisonment. Ms. Kamath is **DIRECTED** to file her response with the Court no later than August 2, 2024.

2. A hearing on this Order to Show Cause is **SET** for August 16, 2024, at 9:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California. Ms. Kamath is **ORDERED** to appear in person at that hearing, which will remain on calendar even if Plaintiffs dismiss this case or this case is otherwise terminated.

**IT IS SO ORDERED.**

Dated: June 25, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE