Eric R. Ginder, Esq. SBN-181955
**GINDER LAW GROUP**
1365 Orinda Place
Escondido, CA 92029
Office (760) 294-7736
Fax (858) 943-3572

Attorneys for Defendant,
**RE Advisors Corp DBA COLDWELL BANKER PLATINUM PROPERTIES and Sharon Jimenez**

UNITED STATES DISTRICT COURT

CENTRIAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JENKINS, JR., an individual and son; JAMES JENKINS III, an individual and father,<br><br>Plaintiffs,<br><br>v.<br><br>SHARON JIMINEZ, an individual; COLDWELL BANKER CORPORATION D/B/A/ COLDWELL BANKER PLATINUM PROPERTIES, a corporation and business; ORANGE COUNTY SHERIFF'S DEPARTMENT LAGUNA NIGUEL ; and DOES 1-10, inclusive.<br><br>Defendants.<br>_____ | CASE NO: 8:23-cv-1317<br><br>**DEFENDANT SHARON JIMENEZ'S MOTION TO SET ASIDE DEFAULT**<br><br>Complaint Filed:  July 20, 2023<br><br>**Date:          August 16, 2024**<br>**Time:          9:00 a.m.**<br>**Courtroom: 9D**<br><br>**Judicial Officer:  Hon. Judge John W. Holcomb** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on August 16, 2024, at 9:00 A.M., or as soon thereafter as counsel may be heard, in Courtroom 9D of the above-captioned court located at 411 4th Street, Santa Ana, CA 92701, Defendant, Sharon Jimenez (hereinafter referred to as "Jimenez") will and hereby does move this Court for an order vacating and setting aside the default entered against her.  This Motion is made and based Fed. R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this action.  This Motion will be based upon this Notice of Motion,

- 1 –                                                  8:23-cv-1317
_____
DEFENDANT SHARON JIMENEZ'S MOTION TO SET ASIDE DEFAULT

the Memorandum of Points and Authorities in support thereof, Declaration of Sharon Jimenez in support thereof, and upon any further oral and documentary evidence as may be presented at the hearing of this Motion.

Prior to filing this motion, counsel for Defendant Jimenez contacted Plaintiffs' counsel on March 4, 2024 and requested that Plaintiffs stipulate to vacate the default. Plaintiffs' counsel responded "[i]n terms of Jimenez's default, client does not consent to set that aside," thus necessitating this motion.

DATED: July 18, 2024                **GINDER LAW GROUP**

s/Eric R. Ginder
_____
ERIC R. GINDER
Attorneys for Defendant
**RE Advisors Corp DBA COLDWELL BANKER PLATINUM PROPERTIES and SHARON JIMENEZ**

**POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this action.

**II. STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff filed a lawsuit against Defendant on July 20, 2023. According to the Proof of Service on file with this Court, Defendant was served on November 14, 2024. The Court entered default against Defendant on December 14, 2023. Defendant Jimenez found out about the lawsuit because her brokerage, co-defendant Coldwell Banker Platinum Properties, had retained counsel to represent Jimenez and the brokerage in the case. Counsel discovered the default and requested that Plaintiffs vacate/set it aside so that an answer could be filed for both defendants. Defendant Jimenez has cooperated with her counsel and, through counsel, has requested informally to vacate the default and defend the action on the merits.

**III. ARGUMENT**

*Federal Rule of Civil Procedure*, Rule 55(c) provides that an entry of default may be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c). The Ninth Circuit's good cause standard for setting aside entry of default is the same as that for setting aside default judgment under Rule 60(b), but the test for setting aside entry of default is less rigid and is more generous to the party in default. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004).

The Court considers three factors when deciding whether to set aside default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. Id. at 925-26. In addition, "[t]he law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 614 (C.D. Cal. 1995). A. Defendant's Delay in

Responding to the Lawsuit was Not Culpable. In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (questioned on other grounds); *also see* Meadows v. Dominican Republic, 817 F.2d 517, 522 (9th Cir. 1987) (finding that the conduct of defendants in district court was culpable because defendants were aware of federal law, and their intentional failure to respond to the action was not excusable neglect). The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." Knoebber, 244 F.3d at 697-98. Further, in analyzing culpability, the Court may consider a defendant's exigent personal matters, his mental state, and his lack of familiarity with legal matters. See id. at 699 (finding defendant's delay in response not culpable because she was grieving the death of her husband and was not familiar with the legal system).

Defendant Jimenez was unfamiliar with the legal process when she was served on November 14, 2023. *Declaration of Sharon Jimenez ("Jimenez Dec") at ¶ 3.* She has not been involved in previous lawsuits, with the exception of a small claims matter involving Plaintiff James Jenkins III. *Jimenez Dec at ¶ 4.* Defendants were both the subject of an investigation by the California Department of Real Estate motivated by Plaintiffs' complaints against them; an investigation that resulted in the Department finding no fault with Defendants' actions; Defendant Jenkins thought that the instant action was related to that previous investigation and did not understand that simply being informally handed the complaint for the instant lawsuit required any action on her part. *Jimenez Dec at ¶ 5.*

Defendant had no intent to gain an advantage over the opposing party or to delay legal proceedings. As Defendant's delay in response was due to excusable neglect, the Court should find that Defendant's conduct was not culpable. *Jimenez Dec at ¶¶ 7,8.*

**B. Defendant Has a Meritorious Defense to the Lawsuit.**

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986). All that is required is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." <u>Audio Toys, Inc. v. Smart AV Pty Ltd</u>., 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007). Defendant has the following defenses to this lawsuit.

The lawsuit arises from Defendants' role as real estate brokerage and agent in listing for sale real property owned by Plaintiff James Jenkins, Jr. Plaintiff James Jenkins III has no relationship, either through contract or general agency, with Defendants. *Jimenez Dec at ¶¶ 9,10.* Defendant Coldwell Banker Platinum Properties ("CB Platinum") is a real estate brokerage, licensed by the California Department of Real Estate; Defendant Jimenez is a real estate salesperson also licensed by the DRE and was associated with CB Platinum as a sales agent pursuant to an independent contractor agreement and relationship. *Jimenez Dec at ¶ 11.*

On September 7, 2022, Plaintiff Jenkins Jr. contacted Defendant Jimenez to inquire about listing his real property for sale. *Jimenez Dec at ¶ 12.* Jimenez prepared a standard form listing agreement (*Jimenez Dec at ¶12 and* at *Exhibit "A"*) for Plaintiff Jenkins Jr.'s signature. Defendants will produce expert "standard-of-care" testimony and evidence that the Lising Agreement's (Ex. A) terms are fair, reasonable and standard throughout the industry. The listing term is six months; Defendants' compensation is 4.25%; again standard and fair terms throughout the industry. (*Jimenez Dec at ¶12 and* at *Exhibit "A"*). Through the Listing Agreement, Plaintiff Jenkins Jr. agreed to list his property for sale for $1,699,000.00. (*Jimenez Dec at ¶12 and* at *Exhibit "A"*). Defendants will produce expert testimony from an expert witness appraiser that the listing price was fair-market value for 2022-2023 timeframe in the Listing Agreement. As such, Defendants were not negligent or

fraudulent in the formation of the Listing Agreement. Plaintiff Jenkins Jr. executed the listing agreement and Defendants began listing his property for sale.

Defendants' listing efforts consisted of advertising the property through the Multiple Listing Service ("MLS"), thereby exposing it to all real estate agents and brokerages that are members of the MLS; the MLS also feeds its listing to websites such as Zillow, Red Fin, Realtor.Com and Trulia, effectively advertising the property to all potential buyers in the area. Defendants will offer expert testimony that merely listing the property in the MLS satisfies the standard-of-care of a listing agent advertising real property for sale for a seller/client. *Jimenez Dec at ¶13.* Nevertheless, Defendant Jimenez also held "open houses" in which real estate professionals and the general public are invited to tour the property in an effort to procure offers to purchase the property from potential buyers. *Jimenez Dec at ¶13.* From these efforts, Defendants procured two offers to purchase the property. *Jimenez Dec at ¶14.* On October 5, Plaintiff Jenkins Jr. requested cancellation of the Listing Agreement without accepting any offers to sell his property and advising Defendants he "no longer wished" to sell the property. *Jimenez Dec at ¶14.*

Defendant CP Platinum assigned another sales agent to Plaintiff's listing while the cancellation was carried out. By October 18, 2022, Defendants had signed a cancellation of the listing agreement with Plaintiff Jenkins Jr. and sent it to him for his signature. Despite several follow-up communications, Plaintiff Jenkins Jr. did not sign the cancellation until December 14, 2022. Plaintiff was never involved in any real estate transaction as a result of Defendants' action. Plaintiffs did not part with any property or money as a result of Defendants' actions. Defendants simply listed Plaintiff Jenkins Jr.'s property for sale, in a manner consistent with all standards applicable to their profession; for a period of less than one month.

As to Plaintiff James Jenkins III, he is Jenkins Jr.'s son. Defendants did not represent Jenkins III in any capacity. *Jimenez Dec at ¶17.* He was not an owner of the property, nor was he a decision-maker for his father (i.e., trustee, conservator, power of

attorney, etc.). *Jimenez Dec at ¶17.* He was simply Jenkins Jr.'s adult, live-in child. Jenkins III's arrest and detainment is unrelated to Defendants' listing for sale of his father's property. From what Defendants understand, Jenkins III was a convicted sex-offender who had violated his parole, and this led to his re-arrest and incarceration. *Jimenez Dec at ¶17, 18.*

Finally, Plaintiffs filed a complaint against Defendants with the California Department of Real Estate, the agency charged with licensing real estate professionals like the Defendants. *Jimenez Dec at ¶ ¶19, 20.* The DRE is also charged with investigating complaints from the public and allegations of misconduct by its licensees. *Jimenez Dec at ¶ ¶19, 20.* After the DRE conducted an investigation in which the above-referenced evidence was demonstrated, the DRE determined that no discipline was warranted against Defendants as result of their involvement with Plaintiff Jenkins Jr. as his listing real estate broker. *Jimenez Dec at ¶ ¶19, 20.*

If Defendant prevails on these defenses, the outcome would be contrary to the result achieved by default. Therefore, Defendant has set forth a meritorious defense and satisfies the second good cause factor.

**C. Plaintiff Will Not Suffer Prejudice If Entry of Default Is Set Aside.**

Prejudice is determined by whether a party will be hindered in pursuing its claim. See Knoebber, 244 F.3d at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Audio Toys, 2007 U.S. Dist. LEXIS at *9

This case is still in its relative infancy and is not at issue because Plaintiffs have not yet served the named defendant Orange County Sheriff's Department. At the last hearing, the contract attorney specially appearing for Plaintiffs' counsel indicated that counsel wanted to put the case "on hold." Allowing the case to move forward on the merits after

only a short delay should not prejudice Plaintiff's ability to litigate its case. The only prejudice that might result to Plaintiff by a denial of default judgment is that Plaintiff will not be able to ensure an easy victory. As no prejudice will result to Plaintiff in reopening this case, the third and final good cause factor is satisfied. Defendant is ready and willing to litigate this lawsuit. Defendant's delay in responding was not culpable, Defendant has meritorious defenses, and Plaintiff will not suffer any prejudice in pursuing its claims if default is set aside. Therefore, Defendant has met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against him.

**IV. CONCLUSION**

Based on the above reasons, this Court should grant Defendant's motion, vacate and set aside the default entered against Defendant Sharon Jimenez and allow the case to proceed on the merits.

DATED: July 18, 2024

**GINDER LAW GROUP**

s/Eric R. Ginder
_____
ERIC R. GINDER
Attorneys for Defendant
**RE Advisors Corp DBA COLDWELL BANKER PLATINUM PROPERTIES and SHARON JIMENEZ**