# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JENKINS, JR., and JAMES JENKINS, III,<br><br>    Plaintiffs,<br><br>    v.<br><br>SHARON JIMENEZ, COLDWELL BANKER CORPORATION, doing business as Coldwell Banker Platinum Properties, ORANGE COUNTY SHERIFF'S DEPARTMENT LAGUNA NIGUEL, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 8:23-cv-01317-JWH-DFM<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiffs James Jenkins, Jr. and James Jenkins, III filed the instant case in July 2023.[1] They assert various constitutional and state law claims against Defendants Coldwell Banker Corporation, Sharon Jimenez, and the Orange County Sheriff's Department Laguna Niguel ("OCSD") in relation to an alleged terminated sale of James Jenkins, Jr.'s home.[2] Plaintiffs twice moved for default judgment against OCSD; the Clerk issued a Notice of Deficiencies with respect to each motion.[3] After examining the proof-of-service documents that Plaintiffs filed with respect to OCSD,[4] the Court was unconvinced that Plaintiffs had accomplished service of process upon that Defendant. Accordingly, the Court issued an Order for Supplemental Briefing, through which it instructed Plaintiffs to explain why service was properly accomplished upon OCSD.[5]

Attorney Reshma Kamath—counsel of record for Plaintiffs—filed a response to that Order.[6] In that Response, Ms. Kamath accused the Court and Court staff of impropriety, including racism, without any basis or evidentiary support.[7] Ms. Kamath also continued to insist that Plaintiffs properly effectuated service upon OCSD, despite the Court's clear notice to Ms. Kamath of her errors and its instruction regarding how she might alleviate them to

---

[1] *See generally* Compl. [ECF No. 1].
[2] *Id.*
[3] Pls.' Mot. for Default J. against Def. OCSD (the "First Motion") [ECF No. 32]; Notice to Filer of Deficiencies re: First Motion [ECF No. 33]; Pls.' Mot. for Default J. against Def. OCSD (the "Second Motion") [ECF No. 34]; Notice to Filer of Deficiencies re: Second Motion [ECF No. 37].
[4] Proof of Service under FRCP 5(b)(2)(D) [ECF No. 20]; Proof of Service under FRCP 5(b)(2)(D) [ECF No. 24].
[5] Order for Suppl. Briefing [ECF No. 39].
[6] *See* Not. re Suppl. Pleading (the "Response") [ECF No. 40].
[7] *Id.* at 2:15-3:5.

effectuate service properly.[8] Ms. Kamath's Response led the Court to issue an Order to Show Cause why Ms. Kamath should not be held in contempt.[9] The Court also directed Ms. Kamath to appear at an in-person hearing on August 30, 2024.[10]

Ms. Kamath failed to appear or to show cause why the Court should not hold her in contempt.[11] Accordingly, the Court removed Ms. Kamath as counsel of record for interfering with the administration of justice.[12] The Court directed Plaintiffs to engage new counsel and to cause such new counsel to file a Notice of Appearance no later than September 27, 2024.[13] Alternatively, the Court instructed Plaintiffs that they could file no later than September 27, 2024, a Notice of Intent to Proceed *Pro Se*.[14] The Court informed Plaintiffs that, if they filed neither a Notice of Appearance nor a Notice of Intent to Proceed *Pro Se* by September 27, 2024, then the Court would dismiss the case for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[15] The Court also provisionally granted the motion of Ms. Kamath's co-counsel—attorney Brian Vogel—to withdraw as counsel of record[16] and directed Mr. Vogel to provide notice to Plaintiffs of the substance of its Order and to file

---

[8] *Id.* at 2:15-28.

[9] *See* Order to Show Cause Why the Court Should Not Hold Attorney Reshma Kamath in Contempt (the "OSC") [ECF No. 50].

[10] *Id.*

[11] *See* Decl. of Reshma Kamath Against the OSC [ECF No. 65].

[12] *See* Minute Order re Scheduling Conference (the "Order") [ECF No. 69].

[13] *Id.* at ¶ 5.

[14] *Id.*

[15] *Id.* at ¶ 6.

[16] *Id.* at ¶ 4.

promptly thereafter a declaration that detailed the efforts that he undertook to provide such notice.[17]

On the same day that she was removed as counsel of record, Ms. Kamath filed various documents, including a declaration accusing Mr. Vogel of falsifying documents, perjuring himself, and acting in ways that were "racially misogynistic."[18] Ms. Kamath also accused the Court of defaming her and falsifying documents.[19] In another declaration, Ms. Kamath accused the Court of fetishizing African-American women and wrote, "I am 100% certain that Judge John Holcombs [sic] actions and omissions are coming from his internal jealousy towards African-American male plaintiffs in this case."[20] Ms. Kamath blamed the Court for her errors and wrote, "Until White people learn how to behave with me . . . I'll increase the intensity of such declarations, notices, and letters that I file."[21] The Court struck those declarations, and Ms. Kamath responded by filing—purportedly on behalf of Plaintiffs—a statement addressed to the Court.[22] In that statement, Ms. Kamath continued to accuse Mr. Vogel of falsifying documents at the Court's behest.[23] Ms. Kamath wrote, "I'll be in this

---

[17] *Id.* at ¶ 7.

[18] *See* Decl. of Reshma Kamath Against Adding a Specially-Appearing Attorney as Lead Counsel Against the Clients Best Interest and Without Consent from Lead Counsel Reshma Kamath [ECF No. 66] ¶ 6.

[19] *See id.*

[20] Decl. of Reshma Kamath Against the Racist-Attitude of the Courtroom and Staff [ECF No. 67] ¶¶ 10, 11, 16, &19.

[21] *Id.* at ¶ 33.

[22] *See* Statement Dirty Racist White Trash Holcomb [ECF No. 73].

[23] *Id.*

case as counsel for PLAINTIFFS. YOU DIRTY WHITE TRASH—I'll ensure you learn your lesson."[24]

Mr. Vogel filed a declaration on September 11, 2024, in which he detailed the efforts that he made to contact Plaintiffs.[25] To date, Plaintiffs have filed neither a Notice of Appearance nor a Notice of Intent to Proceed *Pro Se*.

Therefore, the Court hereby **ORDERS** as follows:

1. Mr. Vogel is **DISMISSED** as counsel of record for Plaintiffs.
2. This action is **DISMISSED without prejudice** for lack of prosecution.
3. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: November 13, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[24] *Id.*; *see also* Statement re: Pls. Filings to Reshma Kamath Via ECF [ECF No. 79] (capitalization in original).

[25] *See* Decl. of Brian I. Vogel Regarding Notice to Pls. Regarding Court's Rulings and Findings Following August 30, 2024 Conference [ECF No. 76].